Christopher A. Olsen (SBN #236928)
**OLSEN LAW OFFICES**
1010 Second Ave., Suite 1835
San Diego, California 92101
Telephone: (619) 550-9352
Facsimile:  (619) 923-2747
E-Mail: Chris@OlsenLawAPC.com

Attorney for Plaintiff DENE TYSOL, individually and on behalf of all others similarly situated.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENE TYSOL on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | **CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Labor Code §§ 204, 206, 218, 510, 511, 1194 and 1198;<br>2. Injunctive Relief; Declaratory Relief; Restitution for Violations of Unfair Business Practices (B&PC §17200, et seq.);<br>3. Violation of Labor Code §200, et seq.;<br>4. Violation of Labor Code §§226.7 & 512 (Rest Breaks);<br>5. Violation of Labor Code §§226.7 & 512 (Meal Breaks); and<br>6. Violation of Labor Code §206<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DENE TYSOL ("Plaintiff"), individually and on behalf of all other similarly situated hourly non-exempt employees, hereby complains against Defendant, UNITED PARCEL SERVICE, INC., a Georgia Corporation ("UPS"); and DOES 1 to 10, inclusive, and on information and belief, alleges as follows:

## JURISDICTION

1.     This is a civil action seeking recovery of unpaid wages and penalties under California Business and Professions Code "B&PC" §17200, et. seq., and Labor Code §§ 200, 226, 226.7, 510, 1194, and 1198.  Plaintiff, individually and on behalf of all hourly non-exempt employees, others similarly situated, hereby brings an action for damages for violation of the Labor Code and for injunctive relief, declaratory relief, and restitution for Defendant's violations of B&PC §17200, et. seq.  Plaintiff seeks all available relief, including full damages, restitution, and/or disgorgement of all revenues, earnings, profits, compensation, and benefits retained by Defendants as a result of their unlawful, unfair business practices.   Further, Plaintiff seeks all injunctive relief under B&PC §17200, et. seq.

## VENUE

2.     Venue as to each Defendant is proper in this judicial district because at least some of the acts complained of hereon occurred in the Central District.  Each Defendant either owns, maintains offices, transacts business, has an agent or agents within the Central District, or otherwise is found within the Central District and each Defendant is within the jurisdiction of this Court for purposes of service of process.

## PARTIES

4.     Dene Tysol is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant UPS is an Ohio Corporation and is/was the employer

COMPLAINT FOR DAMAGES

of Plaintiff and all hourly non-exempt employees. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant UPS, an Ohio Corporation is an organization licensed to do business in the State of California.

6.    Plaintiff is informed and believes, and thereon alleges, that all relevant times each Defendant was licensed to do business in the State of California.

7.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant UPS and each doe Defendant, are doing the acts performed in this matter.

8.    Plaintiff is informed and believes, and thereon alleges, that UPS controls and operates company-owned businesses and establishments in locations within the State of California, for the purposes of providing mail service, including shipping and delivery of packages in California. Plaintiff believes UPS owns and operates facilities in California. Thus, each named Defendant and DOES 1 to 10 are subject to California B&PC §17200, et seq. (Unfair Competition Law).

9.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, was responsible in some manner for the circumstances alleged herein, and proximately caused plaintiff and those members of the general public and class similarly situated to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

10.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants, and

hourly non-exempt employees of each and every one of the other Defendant, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

11.    At all times mentioned herein, the Defendant, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiff allege that all Defendants were the joint employers for all purposes for all Plaintiff and all class members.

12.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendant in proximately causing the complaints, injuries, and damages alleged herein.

13.    At all times herein mentioned, Defendant, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.  At all times herein mentioned, Defendant, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendant, thereby proximately causing the damages, as herein alleged.

## CLASS ALLEGATIONS

14.    **PLAINTIFF'S CLASSES**

The class representative Plaintiff who worked in the position of a California non-exempt hourly employee or other similar title while employed by Defendant within the State of California, is as follows:

A.    Dene Tysol

At all times mentioned herein, the aforementioned Plaintiff seeks to represent herself and the entirety of the Classes identified herein as all California based current and former non-exempt hourly paid warehouse employees of Defendant who were improperly paid their wages, as Defendant failed to pay hourly non-exempt employees the correct overtime premium based on the employees' regular

rate of pay for hours worked in excess of eight (8) hours in a day and/or forty (40) hours in a week. Further, Defendant failed to include all remuneration paid to the class when computing their hourly non-exempt employees' regular rate of pay and failed to provide, authorize, or permit meal and rest breaks pursuant to California law and failed to provide legally compliant pay stubs to Plaintiff. As to the regular rate allegation, Plaintiff is informed and believes and thereon alleges that Defendant failed to do a weighted average and include all remuneration paid to hourly non-exempt employees for non-discretionary bonus, shift differential premium, and other types of remuneration, which are not statutory exclusions when calculating hourly non-exempt employees' regular rate for purposes of overtime payments.

15.    Plaintiff bring this action on behalf of herself and all other similarly situated persons as a class action pursuant to CCP §382. The classes which Plaintiff seeks to represent are composed of and defined as follows:

**Class 1: "Overtime Class"**

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant and who worked over eight (8) hours in a day or forty (40) in a week without receiving proper overtime premium payments in the four (4) years prior to the filing date of this Complaint through the date of final judgment.

**Class 2: "Regular Rate Class"**

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant in the four (4) years prior to the filing date of this Complaint through the date of final judgment who were not paid all earned wages, including Defendant's failure to include certain remuneration that must be included in hourly non-exempt employees' regular rate, including without limitation, nondiscretionary bonuses and shift differentials into the hourly non-exempt employees' regular rate.

///

**Subclass 1:**

All hourly non-exempt warehouse employees of Defendant UPS who worked more than 5 hours who were paid for a missed meal break penalty at a reduced rate of pay in the four (4) years prior to the filing date of this Complaint through the date of final judgment.

**Class 3: "Failure to Pay All Wages"**

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant in the four (4) years prior to the filing date of this Complaint through the date of final judgment who were not paid all wages due them, including but not limited to overtime, double overtime, missed meal periods, and missed rest breaks.

**Class 4: "Waiting Time Class"**

All current and former California hourly non-exempt warehouse employees who worked for Defendant in the four (4) years prior to the filing date of this Complaint through the date of final judgment, who left Defendant's employ without receiving all wages due upon termination.

**Class 5: "Failure to Provide Meal Periods"**

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant in the four (4) years prior to the filing date of this Complaint through the date of final judgment who were not provided legally complaint meal periods.

**Subclass 2:**

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant during the relevant time period to be determined and who had thirty (30) minutes automatically deducted from their time for alleged meal breaks.  That is, each hourly non-exempt employee was required to punch out and in for a thirty 30-minute meal period even though the Defendant did not provide a thirty (30) minute meal period.

### Subclass 3:

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant during the relevant time period to be determined and who were required to sign meal waivers as a condition of employment.

### Subclass 4:

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant during the relevant time period to be determined and who worked a shift greater than 10 hours and did not receive a second meal period.

### Class 6: "Failure to Furnish Accurate Itemized Wage Statements"

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant during the relevant time period to be determined and who were not provided pay stubs that complied with Labor Code §226.

### Class 7: "Failure to Provide Rest Breaks"

All current and former California hourly non-exempt warehouse employees who work or worked for Defendant during the relevant time period to be determined and who did not receive, or were not afforded, or were not authorized or permitted, a rest period of at least ten (10) consecutive minutes for each four (4) hours or major fraction thereof pursuant to California law.

16.    The members of the classes and subclasses are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff, at this time; however, it is estimated that the classes number greater than 1,000 individuals. The identity of such membership is readily ascertainable via inspection of Defendant's employment records.

17.    There are common questions of law and fact as to Plaintiff and all others similarly situated which predominate over questions affecting only individual members including, without limitation to:

i.      Whether Defendant failed to use a weighted average for purposes of determining the proper overtime rate, when class members earned two or more pay rates in a given pay period and worked over 8 hours in a day, or 40 hours in a week;

ii.      Whether Defendant violated the applicable Labor Code provisions including §§510, 1194, and 203 by requiring substantial "overtime" work and not paying for said work according to the overtime laws of the State of California;

iii.      Whether Defendant failed to pay the proper straight time and overtime premium to members of class members;

iv.      Whether Defendant failed to include all forms of compensation when computing the hourly non-exempt employee's regular rate;

v.      Whether the Defendant paid daily overtime to their hourly non-exempt employees;

vi.      Whether Defendant engaged in unfair business practices;

vii.      The appropriate amount of monetary penalties allowed by Labor Code §§ 201, et seq, 226;

viii.      Whether Defendant failed and continue to fail to provide meal periods to the class members in violation of Section 11 of the applicable Wage Orders;

ix.      Whether Defendant failed and continues to fail to authorize and permit class members to take rest periods in violation of Section 12 of the applicable Wage Order;

x.      Whether Plaintiff and the class members are entitled to seek recovery of penalties for the Labor Code and Wage Order violations alleged herein and, if so, for what time period;

COMPLAINT FOR DAMAGES

xi.    Whether Defendants failed to keep adequate records for the members of the itemized wage statement class pursuant to Labor Code 226(a) (and the consequence for such statutory violations if Defendants did not.);

xii.    Whether Defendant UPS's conduct was willful or reckless;

xii.    The effect upon and the extent of the injuries suffered by Plaintiff and all others similarly situated and the appropriate amount of compensation; and

xiv.    Whether UPS pays and continues to pay for a missed meal break at an allegedly "reduced" rate of pay in violation of Section 11 of the applicable Wage Orders.

18.    Plaintiff's claims are typical of the claims of all members of the classes mentioned herein.  Plaintiff, as a representative party, will fairly and adequately protect the interest of the classes and subclasses by vigorously pursuing this suit through her attorneys who are skilled and experienced in handling matters of this type.  Plaintiff has no claim or interest that is antagonistic to any class or subclass member.

19.    The nature of this action and the nature of laws available to the members of the classes identified herein make use of the class action format particularly efficient and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein. Further, this claim involves a large corporate employer and a large number of individual hourly non-exempt employees (Plaintiff and all others similarly situated) with many relatively small claims with common issues of law and fact. If each hourly non-exempt employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by hourly non-exempt employees who would be

disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice of factual pattern, of which the named Plaintiff experienced, is representative of the class mentioned herein and will establish the right of each of the members of the named class to recovery on the causes of action alleged herein.

20.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

21.    Plaintiff and all others similarly situated are entitled to the wages and other monies unlawfully withheld.  Further, the public is entitled to restitution and disgorgement of those funds being improperly withheld by Defendants, and each of them. This action is brought for the benefit of the public.

23.    B&PC §17200, et seq., often referred to as the "Unfair Competition Law", prohibits unfair competition which is defined to include any unlawful, unfair, or fraudulent business act or practice.  Defendant has instituted and implemented unlawful wage-and-hour policies, which constitutes unfair, unlawful, or fraudulent business acts or practice within the State of California.  Any plaintiff may initiate an action to enforce B&PC §17200 as they have been injured/damaged by Defendants' policies.  The court is authorized to order injunctive relief, declaratory

relief, disgorgement of wrongful gains and restitution to affected members of the general public as remedies for any violations of B&PC §17200.

24.     Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting this action against Defendants under Civil Procedure Code §1021.5 and other applicable statutes based in part on the following:

a.     A successful outcome in this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of entities that employ hourly non-exempt employees;

b.     This action will result in a significant benefit to the general public by ceasing unlawful, unfair and deceptive activity, and by causing the return of ill-gotten gains obtained by the Defendant through its failure to properly pay their hourly non-exempt employees;

c.     Unless this action is prosecuted, members of the general public will not recover monies wrongfully taken from them, and many hourly non-exempt employees and consumers would not be aware that they were victimized by Defendant's wrongful acts and practices; and

d.     Unless attorneys' fees and costs are awarded against Defendant, the general public will not be made whole.

**<u>FIRST CAUSE OF ACTION</u>**
**<u>RECOVERY OF UNPAID WAGES AND PENALTIES</u>**
**(Violation of Labor Code §§ 204, 206, 218, 226, 510, 511, 1194 and 1198)**

25.     Plaintiff realleges and incorporates by reference herein the allegations of all paragraphs 1 through 24 as though fully set forth herein.

26.     Plaintiff and all others similarly situated hourly non-exempt warehouse employees identified herein were and are employed and scheduled as a matter of established company policy to work and in fact worked as non-exempt hourly employees in excess of eight (8) hours per day and/or in excess of forty (40) hours per pay week.  Defendant employed and scheduled all hourly non-exempt

employees without providing overtime compensation for such excess hours worked in violation of Labor Code §§510 and 1194 and the relevant California Industrial Welfare Commission ("IWC") orders.   Labor Code §204 establishes the fundamental right of all hourly non-exempt employees in the state of California to be paid the proper amount of wages in a timely fashion for their work, including overtime.  Defendant always had a written and verbal agreement to pay overtime at time and one-half of the hourly non-exempt employee's regular rate for all hours worked in excess of eight (8) per day and/or forty (40) hours per pay week.

27.   Pursuant to Labor Code §§218 and 1194(a), Plaintiff may bring a civil action for straight time wages, overtime wages and all wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest thereon, penalties, attorneys' fees and costs.

28.   At all times relevant hereto, Defendant has failed to pay to Plaintiff and all persons similarly situated wages when due as required by Labor Code §204.

29.   Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.  IWC Wage Order No. 5, as amended, applies to all putative class members.

30.   At all times relevant hereto, Plaintiff is informed and believes and thereon alleges that Defendant has treated Plaintiff and all persons similarly situated, as hourly non-exempt employees.  Despite this classification, Defendant has willfully violated the Labor Code with respect to meeting the requirements of paying all wages earned, including minimum wages, straight time pay, overtime, and remuneration when calculating the hourly non-exempt employees regular rate of pay, as herein before alleged.

31.   Despite this classification, Defendant has willfully violated the Labor Code with respect to meeting the requirements of paying one (1) regular rate of pay,

as herein after alleged.  Defendant has willfully and wrongfully designated two (2) rates of pay to the employees in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and the orders issued by the IWC, thereby Defendant is able to reduce their overhead and operating expenses and gain an unfair advantage over competing companies complying with state law. Furthermore, the Defendant has failed to include all items of remuneration when determining the employees' regular rate of pay, as described above.

32.    Defendant has willfully and wrongfully excluded certain compensation when calculating the hourly non-exempt employees' regular rate of pay.  Defendant has intentionally excluded remuneration that must be included in all hourly non-exempt employees' regular rate of pay in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and the orders issued by the IWC. Thereby Defendant is able to reduce its overhead and operating expenses and gain an unfair advantage over competing shipping companies complying with state law.

33.    Plaintiff is informed and believes, and thereon alleges, that the hourly non-exempt employee class was never paid the proper compensation for work accomplished in excess of forty (40) hours per week and/or eight (8) hours per day throughout the entire period alleged.

34.    Plaintiff is informed and believes and thereon alleges that Defendant consistently administered a corporate policy regarding both staffing levels and duties and responsibilities of the members of the classes which required the entirety of all classes to work overtime without proper premium pay. This includes a uniform corporation policy and practice that fails to include a weighted average in determining the regular rate.  This corporate policy and pattern of conduct was/is accomplished with the advance knowledge and design of all Defendants herein.

35.    This corporate policy and pattern of conduct was/is accomplished with the advance knowledge and designed of all Defendants herein.  Thus, Plaintiff and

all others similarly situated routinely regularly and customarily performed overtime work.   Accordingly, Plaintiff and all others similarly situated are entitled to the proper overtime compensation under California law.    Further, Defendant disseminated false information throughout Defendant's facilities and among the hourly non-exempt employees reciting that all hourly non-exempt employees would receive premium overtime pay for all hours worked over eight (8) in a day or forty (40) in a work week. However, Defendant never paid the proper premium rate for hours worked over eight (8) in a day and/or forty (40) hours in a week.

36.    Plaintiff is informed and believes, and thereon alleges, that the obligations and responsibilities of all subclasses of hourly non-exempt employees are irrelevant because Plaintiff and all others similarly situated merely allege wrongdoing with Defendants' pay plans.

37.    Further, Plaintiff alleges that Defendant failed to properly pay Plaintiff and the classes proper meal period rest period penalty payments at the hourly non-exempt employees' regular rate of pay, as hereinafter alleged.

38.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders of the State of California, Defendant did not pay the hourly non-exempt employees the proper regular rate of pay and, thus, underpaid the regular rate, straight time pay, and premium rate for all overtime hours.

39.    Plaintiff and all others similarly situated are current and former hourly non-exempt employees of Defendants. Plaintiff is informed and believes, and thereon alleges, that Defendant had and/or have numerous manuals, letters, correspondence, policy handbooks and the like which taken together constitute, created, or comprise a written contract for employment.    Notwithstanding, Defendant and each of them, in violation of Labor Code §§201 and 202, et seq., respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of all such former hourly non-exempt employees.   Defendant has willfully failed to pay the earned and unpaid wages of

such individuals, including, but not limited to, regular pay, straight time pay, premium pay, vacation pay, and other wages earned and remaining uncompensated according to amendment, or proof.

40.    The pattern, practice and uniform administration of corporate policy regarding illegal hourly non-exempt employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and all others similarly situated hourly non-exempt employees, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys' fees and costs of suit accordingly to the mandate of Labor Code §§1194, et. seq.

## SECOND CAUSE OF ACTION
### (Violation of B&PC §17200, et seq.)

41.    Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs1 through 40 as though fully set forth herein.

42.    Beginning on an exact date unknown to Plaintiff but believed to have occurred at least within the last four (4) years, Defendant has engaged in a pattern and practice of acts of unfair competition in violation of B&PC §17200, including the practices alleged herein.

43.    Defendant owns and operates, manages and controls Defendant's business.  Defendant has engaged in the practice of paying its hourly non-exempt employees, including plaintiff, in a fashion circumvents California overtime laws. Defendant has unlawfully designed a pay system which does not pay proper straight time nor premium overtime to hourly non-exempt warehouse employees. Defendant requires its hourly non-exempt employees, including Plaintiff, to work shifts of eight (8) hours or more.  However, Defendant does not pay its hourly non-exempt warehouse employees the correct straight time pay nor the correct premium overtime for those overtime hours worked.

COMPLAINT FOR DAMAGES

## FAILURE TO PAY PROPER WAGES AND OVERTIME COMPENSATION

44.    Plaintiff is informed and believes and thereon alleges that as part of Defendant's ongoing unfair business practice, the hours worked by Defendant's hourly non-exempt employees is in excess of eight (8) hours per day, and in excess of forty (40) hours per pay period without receiving the proper regular rate of pay and therefore do not receive the proper overtime premium.  That is the hourly rate which Defendant uses to calculate the overtime premium rate is an artifice, subterfuge, and sham in that the regular rate is based on an artificially low designation by Defendant.  That is the class members allege and will prove that they are entitled to payment based on the proper and legal regular rate which will include all damages that flow from this calculation.  The Defendant is in violation of Labor Code §§ 510 and 1194, and the relevant California Industrial Welfare Commission Orders 9-2001, et seq.

## FAILURE TO PROVIDE ITEMIZED STATEMENTS

48.    Plaintiff is informed, and believes, and thereon alleges, that as part of Defendant's ongoing unfair business practices, Defendant, fails to provide its hourly non-exempt warehouse employees with proper and understandable itemized wage statements, as required by Labor Code §226.

49.    Plaintiff is informed, and believes, and thereon alleges, that Defendant fails to provide each hourly non-exempt employee with an itemized statement which states the actual total hours worked by the hourly non-exempt employee, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the hourly non-exempt employee.  As a result of the noncompliant pay stubs issued, Plaintiff and others similarly situated have suffered injury.

///

///

## **FAILURE TO PAY OVERTIME PAY**

50.    Defendant has engaged in unfair business practices in California by practicing employing and utilizing the employment practices complained of herein. Defendant's use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendant's competitors. Plaintiff, on behalf of the general public, seeks full restitution of said monies by Defendant, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by the Defendant by means of the unfair business practices complained of herein.  Plaintiff seeks, on behalf of all current and former hourly non-exempt employees of the Defendant, restitution and disgorgement of said monies.  Plaintiff further seeks, on behalf of the general public, the appointment of a receiver, as necessary, to establish the total monetary relief from Defendant.  The restitution includes all profits realized as a result of the unfair business practices, including interest thereon.  The acts complained of herein occurred, at least in part, within at least the last four (4) years preceding the original Complaint.

51.    Plaintiff is informed, and believes, and thereon alleges, that at all times herein mentioned, Defendant has engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving its hourly non-exempt employees and other members of the general public of the minimum working condition standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein.  Plaintiff seeks an injunction preventing Defendant from continuing its unfair business practice of improperly depriving its hourly non-exempt employees of overtime pay, meal and rest periods and proper and compliant itemized statement of wages.  Plaintiff further seeks an order requiring Defendant to identify by full name, telephone number, and last known address hourly non-exempt employees who worked or still work for Defendant from at least four (4)

years preceding the filing of the original Complaint through the date of judgment; Plaintiff further seeks an order requiring Defendant to timely pay restitution to all current and former hourly non-exempt employees, including back wages, penalties, interest, and attorneys' fees and costs.

<u>**MEAL AND REST PERIOD VIOLATIONS**</u>

52.     Defendant incorrectly and illegally considered itself to be exempt from meal and rest break requirements established by Sections 11 and 12 of the Wage Order applicable to the industry (Wage Order 9-01).  Class members were and are improperly and illegally denied rest break and meal breaks required by law.

53.     The acts complained of herein occurred, at least in part, within the last four (4) years preceding the original filing of the Complaint.

<u>**THIRD CAUSE OF ACTION**</u>
<u>**FAILURE TO ALLOW REST BREAKS**</u>
<u>**(Against All Defendants)**</u>

54.     Plaintiff realleges and incorporate by reference as if fully set forth herein, the allegations of paragraphs 1 through 53.

55.     The plaintiff alleges that the Defendant has violated Labor Code §§226.7 & 512.  §226.7 of the Labor Code requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide.  Hourly non-exempt employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof.   The Defendant's policy discourages, dissuades, and prevents all hourly non-exempt employees from taking a rest period break for any work period that is greater than two (2) hours up to four (4) hours.  Plaintiff and the class consistently worked over four (4) hours per shift with no rest breaks, due to Defendant's policy of discouraging, dissuading and/or preventing hourly non-exempt employees from taking said breaks.

56.     Defendant failed to provide and has and continues to discourage and dissuade Plaintiff and other hourly non-exempt employees from taking rest breaks

of not less than ten (10) minutes for each work period of four (4) hours worked or major fraction thereof, as required by the Labor Code during the relevant class period.

57.    Pursuant to Labor Code §226.7, plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages at the hourly non-exempt regular rate of pay per rest break violation, in a sum to be proven at trial.

## FOURTH CAUSE OF ACTION
## FAILURE TO ALLOW MEAL BREAKS
### (Against All Defendants)

58.    Plaintiff incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 57.

59.    The Plaintiff alleges that the Defendant has violated Labor Code §§226.7 & 512 Labor Code §226.7 requires an employer to pay an additional hour of compensation at the hourly non-exempt employees' regular rate of pay for each meal period the employer fails to provide. Plaintiff alleges that Defendant fails to provide legally compliant meals in addition to impeding, discouraging and/or dissuading hourly non-exempt employees from taking legally compliant meal periods.  Hourly non-exempt employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.  Plaintiff and the class consistently worked over five (5) hour shifts without meal periods due to Defendant's policy of discouraging, dissuading and/or impeding Plaintiffs and the class from taking meal periods. Pursuant to the Code, Plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and a second meal period for hours worked over ten (10) in a day.

60.    Defendant fails to provide and has and continues to impede and/or discourage Plaintiff and other hourly non-exempt warehouse employees from taking timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period and/or failed to obtain legal waivers

waiving the first or second meal period. Additionally, Defendant had a policy of requiring each hourly employee to punch out and punch in for a thirty (30) minute meal period whether or not an hourly non-exempt employee was provided a meal period. If the hourly non-exempt employees do not punch out or in for a thirty (30) minute meal period, the hourly non-exempt employees risk reprimand up to and including termination. Said automatic deductions constitute a forfeiture of wages.

61.    Pursuant to Labor Code §226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages at the hourly non-exempt employee's regular rate of pay per missed meal break, in a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226**

**(Against All Defendants)**

62.    Plaintiff on behalf of herself and the hourly non-exempt classes herein re-alleges and incorporates each and every one of the allegations contained in paragraphs 1-61, inclusive of this Complaint, as if fully set forth herein.

63.    Plaintiff is informed and believes, and thereon alleges that Defendant has intentionally and knowingly failed to comply with Labor Code § 226.

64.    Defendant intentionally and knowingly fails/failed to provide Plaintiff and the classes with an itemized wage statement that fulfills the requirements of Labor Code § 226 in that it does not provide Plaintiff and the classes with an accurate accounting of earned wages all to the detriment and injury to Plaintiff and the members of the class. Specifically, the itemized wage statements fail to include total hours worked by the hourly non-exempt employee, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the hourly non-exempt employee.

65.    Plaintiff and each of the members of the class are entitled to damages pursuant to

Labor Code § 226, including but not limited to $50.00 for the first violation and $100.00 for each subsequent violation, up to $4,000.00 per person as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.      That the Court determine this action may be maintained as a class action;

**As to the First Cause of Action:**

2.      For damages according to proof, as set forth in Labor Code §§ 510, 511 and 1194, et seq., (and the applicable California Industrial Welfare Commission wage orders) regarding wages due and owing;

3.      For pre-judgment interest as allowed by Labor Code §1194 and California Civil Code § 3287(b), for waiting time penalties as authorized by Labor Code §203, and for reasonable attorneys' fees;

4.      For one (1) hour of pay at the employee's regular rate for each workday that the meal period was not provided;

5.      For each employee one (1) hour of pay at the employee's regular rate of pay for each workday that a rest break was not provided.

6.      For an order, preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

**As to the Second Cause of Action:**

7.      For an order, preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

8.      An order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by the Defendant by means of the unfair practice complained of herein.  Plaintiff seeks, on behalf of the general public, the appointment of a receiver, as necessary. The restitution includes all monies retained as wages, as defined in Labor Code §§ 201,

202, 510, 511 and 1194, prejudgment interest, and attorneys' fees as a result of the unfair business practices;

9.    For an order finding and declaring that Defendant's acts and practices as challenged herein are unlawful, and unfair and/or fraudulent;

10.    For an accounting, under administration of Plaintiff and subject to Court Review, to determine the amount to be returned by Defendant and the amounts to be refunded to members who are or were not paid properly;

11.    For the creation of an administrative process wherein each injured current and former employee receives his or her back wages in the form of minimum wage, straight time, overtime pay or alternatively that each current or former eligible employee may submit a claim in order to receive his/her money;

12.    For an order requiring Defendant to make full restitution and payment pursuant to Labor Code §§ 201-202, 510, 511 and 1194;

13.    For all other appropriate declaratory and equitable relief;

14.    For pre-judgment interest to the extent permitted by law;

15.    For an order requiring Defendant to identify, by name, address and telephone number of each person who worked as an hourly non-exempt employee for Defendant from at least four (4) years before filing of the original complaint in this action through the time of judgment;

**As to the Third Cause of Action:**

18.    One (1) hour of pay at each of the employees' regular rate of compensation for each workday that a rest break was not provided, impeded, interrupted, discouraged and/or dissuaded;

**As to the Fourth Cause of Action:**

19.    One (1) hour of pay at each of the employees' regular rate of compensation for each workday that a meal break was not provided, impeded, discouraged and/or dissuaded;

///

COMPLAINT FOR DAMAGES

**As to the Fifth Cause of Action:**

20.    For the greater of all actual damages, or fifty dollars ($50.00) for the initial pay period in which the pay stub violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

21.    For penalties as authorized by Labor Code §226(e);

22.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(g);

**As to the Sixth Cause of Action:**

23.    On behalf of all current and former employees, for all penalties authorized by

Labor Code Private Attorney General Act of 2004 at the rate specified in California Labor Code

§558 plus the rate specified in Labor Code §1197.1 for former or current employees who are due

overtime and other wage payments;

24.    For penalties pursuant to Labor Code § 558 as follows: For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in additional to an amount sufficient to recover underpaid wages; For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

///

///

///

///

///

COMPLAINT FOR DAMAGES

**As to All Causes of Action:**

25.    For reasonable costs incurred.

26.    For such other and further relief as this Court may deem just and proper.

Dated:  June 14, 2018                                    **OLSEN LAW OFFICES, APC**


                                                        */s/Christopher A. Olsen*
                                                        Christopher A. Olsen, Esq.
                                                        Attorney for Plaintiff DENE
                                                        TYSOL, individually and on behalf
                                                        of those similarly situated employees

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.


Dated:  June 14, 2018                    **OLSEN LAW OFFICES, APC**


                                         */s/Christopher A. Olsen*
                                         Christopher A. Olsen, Esq.
                                         Attorney for Plaintiff DENE
                                         TYSOL, individually and on behalf
                                         of those similarly situated employees

COMPLAINT FOR DAMAGES